## WILLIAM VIALL *versus* ZENAS BLISS and Trustee.

Where G., being summoned as trustee of B., disclosed an indenture of two parts, be-
tween B., of the one part, and the respondent of the other part, whereby all the
goods and chattels of B. were assigned to the respondent in trust to pay B.'s cred-
itors, and it did not appear that any creditor had signed or assented to the indent-
ure, the respondent was adjudged trustee.

CHURCH GRAY, being summoned in a process of foreign at-
tachment as the trustee of Bliss, disclosed an indenture of two
parts, made by Bliss of the one part and the respondent of the
other part, whereby Bliss assigned to the respondent certain
parcels of real estate and all his goods and chattels and choses
in action, in trust to pay certain of his creditors in full, and
others *pro ratâ*, in case the property should be insufficient to
pay them in full ; and the respondent covenanted to perform
the trust.

*Cobb*, for the plaintiff, contended that the indenture was in-     *Oct.* 21*st*
valid, inasmuch as it consisted of but two parts, and was not
signed by any creditor of Bliss ; *Widgery* v. *Haskell*, 5 Mass.
R. 144 ; and inasmuch as the creditors named in the indenture
had not assented to it, but, on the contrary, several of the credi
tors named in it had summoned the respondent in processes of
foreign attachment. *Stevens* v. *Bell*, 6 Mass. R. 339 ; *Marston*
v. *Coburn*, 17 Mass. R. 454. The plaintiff claims that the
respondent may be adjudged trustee, so far as respects the
goods and chattels assigned ; which are sufficient to cover the
amount of the plaintiff's demand.

*Hunt*, for the trustee.

*Per Curiam.* The respondent is adjudged trustee.[1]          *Oct.* 23*d*

---

[1] See *Brewer* v *Pitkin*, 11 Pick. 298 ; *Leeds* v. *Sayward*, 6 N. Hamp. R.
83 ; *Bradford* v. *Tappan*, 11 Pick. 76 ; *Russell* v. *Woodward*, 10 Pick. 415 ;
*Ward* v. *Lamson*, 6 Pick. 358 ; *Wales* v. *Rogers*, 22 Pick. 245 ; *Everett* v. *Wal-
cot*, 15 Pick 94 ; *Copeland* v. *Weld*, 8 Greenl. 411.